IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ZACHARY NICHOLS,

                            Plaintiff,
    v.                                                         OPINION and ORDER

ANDREW SAUL,                                                     17-cv-537-jdp
  Commissioner of Social Security,

                            Defendant.[1]

---

Plaintiff Zachary Nichols appealed the commissioner's decision denying his application for disability insurance benefits. The court remanded the case to the Social Security Administration for further proceedings on the parties' stipulated motion and awarded Nichols's attorney, Dana W. Duncan, $4,564.04 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 12 and Dkt. 15. After remand, the commissioner awarded Nichols $54,106 in past-due benefits and reserved 25 percent of the award, $13,526.50, for attorney fees. Dkt. 19-2.

Duncan now moves for an attorney fee award of $4,435.96 pursuant to 42 U.S.C. § 406(b). Dkt. 19. This represents the amount reserved by the commissioner, less Nichols's EAJA fee award, less $4,526.50 that Duncan is seeking from the agency for his administrative work, for a total fee of 25 percent of Nichols's awarded past-due benefits. The commissioner doesn't oppose Duncan's fee request. Dkt. 20.

---

[1] The court has changed the caption in this case to reflect that Andrew Saul was confirmed as the Commissioner of the Social Security Administration after Nichols filed this lawsuit.

Section 406(b) allows the court to award a prevailing plaintiff's attorney a fee of up to 25 percent of back benefits, but the attorney still must show that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire v. Sullivan*, 873 F.2d 974, 979, 983 (7th Cir. 1989)).

The court concludes that Duncan's requested fee is reasonable. Duncan submits a record of his time showing that he performed 16.6 hours of work in this court, Dkt. 19-3, for an effective rate of approximately $542 per hour. This is a significantly elevated rate, but the court has approved similar rates before under § 406(b). *See, e.g.*, *Palmer v. Berryhill*, No. 16-cv-681, 2018 WL 2248422, at *1 (W.D. Wis. May 16, 2018) (approving effective rate of $614 an hour); *Stemper v. Astrue*, No. 04-cv-838, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (approving effective rate of $666 an hour). And Duncan's paralegal staff spent an additional 15.95 hours working on Nichols's case, Dkt. 19-3, which further supports the reasonableness of this rate. *See Richlin Sec'y Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (reasonable attorney fee under EAJA includes paralegal time); *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (reasonable attorney fee under 42 U.S.C. § 1988 includes paralegal time).

Nichols agreed to a contingent fee of 25 percent of any back benefits awarded. Dkt. 19-1. Duncan's elevated hourly rate reflects the risk of non-recovery under contingent fee agreements, which are necessary to encourage attorneys to represent Social Security claimants on appeal. *See McGuire*, 873 F.2d at 980.

The requested fee is reasonable in light of Duncan's experience, his risk of non-recovery, the results he obtained, and the amounts awarded in similar cases. Because Duncan is offsetting his fee request by the $4,564.04 he's already received under the EAJA, he doesn't have to return his earlier fee award to Nichols. *See Gisbrecht*, 535 U.S. at 796.

ORDER

IT IS ORDERED that Dana W. Duncan's motion for $4,435.96 in attorney fees under 42 U.S.C. § 406(b), Dkt. 19, is GRANTED.

Entered February 7, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge